# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**EVERETT JEROME TRIPODIS, #48846-019**                    **PETITIONER**

**versus**                                        **CIVIL ACTION NO. 5:12-cv-111-DCB-JMR**

**ARCHIE LONGLEY, ET AL.**                             **RESPONDENTS**

## <u>MEMORANDUM OPINION</u>

On August 3, 2012, Petitioner, a federal inmate currently incarcerated at the Federal Correctional Institution, Yazoo City, Mississippi, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. On August 16, 2012, the Court entered an Order [ECF No. 3] directing Petitioner to file an amended petition, on or before August 31, 2012, to provide specific information regarding his claims. Petitioner was warned that his failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the Order would lead to the dismissal of this case. On August 22, 2012, the postal service returned the envelope [ECF No. 4] containing the Order to amend with the notation "return to sender - attempted not known - unable to forward." Petitioner did not comply with this Order.

Since Petitioner is incarcerated and proceeding *pro se*, he was provided one final opportunity to comply with the Court's Order prior to summary dismissal of this case. On September 17, 2012, an Order [ECF No. 5] to Show Cause was entered. Petitioner was directed to file a written response showing cause why this case should not be dismissed for his failure to comply with the previous Order [ECF No. 3]. Petitioner was directed to file his response on or before October 2, 2012. The Petitioner was warned in the Show Cause Order that failure to keep

this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his case. On September 25, 2012, the postal service returned the envelope [ECF No. 6] containing the Order to Show Cause with the notation "return to sender - attempted not known - unable to forward." Petitioner has not complied with the Order to Show Cause.

Petitioner has failed to comply with two Court Orders, he has not kept this Court apprised of his current address, and he has not contacted this Court since he filed this action on August 3, 2012. The Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court's authority to dismiss an action for failure to prosecute under Rule 41(b) extends to habeas petitions. *See Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997)(affirming dismissal of habeas petition under Rule 41(b), finding "where there are procedural gaps in the habeas rules, the district courts have broad discretion to apply the Federal Rules of Civil Procedure."). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute

and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Martinez,* 104 F.3d at 772-73; *Davis v. Gordon*, No. 02-61123, 2003 WL 22120979, at *1 (5th Cir. Sept. 12, 2003)(affirming dismissal based on habeas petitioner's failure to comply with a court order). Since the Respondents have not been called on to respond to the Petition, and the Court has not considered the merits of Petitioner's claims, the Court's Order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x. 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 29th day of October , 2012.


s/David Bramlette
UNITED STATES DISTRICT JUDGE